IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |  |
|---|---|---|
| MARCUS JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 624-001 |
| | ) | |
| JACOB BEASLEY, Warden, and | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed.[1] (Doc. nos. 14, 15.) The Magistrate Judge recommended dismissing the case without prejudice because Plaintiff failed to truthfully disclose his prior filing history and failed to exhaust his administrative remedies prior to filing this federal lawsuit. (See doc. no. 12-1.) In his objections, Plaintiff concedes he did not provide accurate information about his prior fling history, (doc. no. 15, p. 1), acknowledges he did not file an administrative appeal until February 14, 2024, (id. at 3), and variously requests to amend his complaint, (id. at 1; doc. no. 14, p. 3).

---

[1] After entry of the Report and Recommendation, Plaintiff submitted two filings, which the Clerk of Court variously titled "Declaration," (doc. no. 14), and "Motion for Reconsideration" of the recommendation for dismissal, (doc. no. 15). Liberally construing Plaintiff's *pro se* filings, the Court considers the filings as objections and **DIRECTS** the **CLERK** to **TERMINATE** the motion associated with the "Motion for Reconsideration."

Plaintiff's requests to amend his complaint to correct his filing history and to add new claims that have occurred since he filed this lawsuit do not change the outcome of this case, as it is due to be dismissed as a sanction for providing false information about his prior filing history. See Forester v. Whitfield Cnty. Sheriff's Dep't, Civ. Act. No. 422-cv-112, 2022 WL 22329125, at *1-2 (N.D. Ga. June 15, 2022) (collecting cases for proposition that allowing amendment to cure failure to disclose prior lawsuit impedes court's ability to manage docket and enforce penalties for sanctionable activity), *adopted by* 2022 WL 22329109 (N.D. Ga. July 12, 2022). As to adding new claims, even if the Court were to assume Plaintiff had filed a grievance(s) about his new issues, he admits he did not file any appeal until February 14, 2024. (Doc. no. 15, p. 3.) Moreover, although Plaintiff now – in contradiction of the information in his sworn complaint that he chose not to wait on the appeal process, (doc. no. 1, p. 4) – alleges that he initially was prevented from filing an appeal on the original claims, he says nothing about any hindrance to filing a grievance or appeal of the new claims. These new claims, which have not been exhausted through the grievance process, are subject to dismissal for the reasons explained by the Magistrate Judge, (doc. no. 12-1, pp. 5-7).[2]

Finally, Plaintiff's general requests to amend do not change the outcome because they were contained his objections, not a motion to amend, and he did not provide a proposed

---

[2] As to Plaintiff's allegations about lost personal property, (doc. no. 14, p. 3), the Fourteenth Amendment does not protect against all deprivations of property, only against deprivations that occur "without due process of law." Parratt v. Taylor, 451 U.S. 527, 537 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Georgia has created a civil cause of action for the wrongful deprivation of personal property. O.C.G.A. § 51-10-1. This statutory provision covers the unauthorized deprivation of an inmate's property by prison officials. Grant v. Newsome, 411 S.E.2d 796, 798-99 (Ga. Ct. App. 1991). The statutory cause of action constitutes an adequate post-deprivation remedy under Parratt. See Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987). Thus, Plaintiff has an adequate remedy at State law, and he fails to state a valid § 1983 claim for the loss of personal property.

amended complaint or provide any details about the substance of his proposed claim(s). See Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999) (*per curiam*). Thus, even upon consideration of Plaintiff's general requests to amend, the Court discerns no valid basis to change the determination that his case is due to be dismissed. Of course, nothing in this Order prevents Plaintiff from re-filing his original or new claims in accordance with the requirements of the Federal Rules of Civil Procedure and Prison Litigation Reform Act, as the dismissal is without prejudice.

In sum, even after consideration of Plaintiff's general requests to amend, and even if the Court were to assume for the sake of argument Plaintiff misrepresented in his complaint why he did not file an appeal and was somehow hindered by prison officials from doing so, the case is still due to be dismissed because Plaintiff provided dishonest information about his prior filing history. Accordingly, the Court **OVERRULES** all objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge, with the additional analysis provided herein, as its opinion, **DISMISSES** this case without prejudice, and **CLOSES** this civil action.

SO ORDERED this 1st day of March, 2024, at Augusta, Georgia.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3